Ryan A. Quadrel (State Bar No. 308311)
rquadrel@blackstonepc.com
Shelby Miner (State Bar No. 318338)
sminer@blackstonepc.com
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone: (310) 622-4278 / Facsimile: (855) 786-6356

*Attorneys for* Plaintiff JESUS RAMIREZ, individually, and on behalf of other similarly situated employees

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JESUS RAMIREZ, individually, and on behalf of other similarly situated employees,

Plaintiff,

vs.

CALERES, INC.; and DOES 1 through 25, inclusive,

Defendants.

Case No.: 5:26-cv-00054-JGB-SP

**FIRST AMENDED CLASS ACTION COMPLAINT**

(1) Violation of Cal. Labor Code §§ 1194, 1197, and 1197.1 (Minimum Wages)
(2) Violation of Cal. Labor Code §§ 510 and 1198 (Unpaid Overtime)
(3) Violation of Cal. Labor Code §§ 226.7 and 512(a) (Meal Break Violations)
(4) Violation of Cal. Labor Code § 226.7 (Rest Break Violations)
(5) Violation of Cal. Labor Code § 226(a) (Wage Statement Violations)
(6) Violation of Cal. Labor Code §§ 201, 202, and 203 (Untimely Final Wages)
(7) Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses)
(8) Violation of Cal. Business & Professions Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

Plaintiff JESUS RAMIREZ ("Plaintiff"), individually, and on behalf of other similarly situated employees, alleges as follows against Defendant CALERES, INC., and DOES 1 through 25, inclusive (collectively, "Defendants"):

**INTRODUCTION**

1. This is a class action to recover damages on behalf of Plaintiff and all current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment ("Class Members").

2. Plaintiff alleges that Defendants hired Plaintiff and Class Members but, among other things, failed to properly pay them all wages owed for all time worked (including minimum wages, straight time wages, and overtime wages), failed to provide them with all meal periods and rest periods and associated premium wages to which they were entitled, failed to timely pay them all wages due upon termination of their employment, failed to provide them with accurate itemized wage statements, and failed to reimburse them for necessary business expenses.

3. As a result, Defendants violated, *inter alia*, California Labor Code sections 201, 202, 203, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, 1198, 2800, and 2802, and the applicable Industrial Welfare Commission ("IWC") Wage Order. Through this action, Plaintiff seeks to recover all available remedies including but not limited to actual and liquidated damages and attorney's fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), as invoked by Defendant Caleres, Inc. in its Notice of Removal filed January 2, 2026 (Dkt. No. 1). The matter was removed to this Court from the Superior Court of the State of California, County of San Bernardino, Case No. CIVRS2508046. This Court denied Plaintiff's Motion to Remand on March 19, 2026, and the action proceeds before this Court.

5. The amount in controversy, exclusive of interest and costs, exceeds $5,000,000 as alleged in Defendant's Notice of Removal (Dkt. No. 1, ¶¶ 18–40, Decl. of A. Sudibjo), and diversity of citizenship exists between Plaintiff and Defendant under 28 U.S.C. § 1332(d)(2). Plaintiff specifically incorporates Defendant's sworn jurisdictional admissions and, pursuant to Federal Rule of Evidence 201, requests that this Court take judicial notice of them.

6. This Court has personal jurisdiction over Defendant Caleres, Inc. because Caleres maintains its principal California operations and two distribution centers in this District, including at 15245 Van Vliet Avenue, Chino, California 91710 (County of San Bernardino), where Plaintiff was employed. Caleres has purposefully availed itself of California law by employing hundreds of California workers at these facilities, and the claims asserted herein arise out of that California employment.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(1)-(2) because Caleres maintains the Chino distribution center where Plaintiff was employed within

this District, and because a substantial part of the events giving rise to the claims occurred within this District. Assignment to the Eastern Division is proper under Central District Local Rule 83-1.2 because Plaintiff was employed in San Bernardino County.

## THE PARTIES

8. At all times herein mentioned, Plaintiff JESUS RAMIREZ is and was an individual residing in the State of California.

9. At all times herein mentioned, Defendant CALERES, INC. was and is an employer who does business in California, with locations throughout the State of California, and whose employees are engaged throughout San Bernardino County and the State of California, including at 15245 Van Vliet Ave, Chino, CA 91710.

10. Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 25 but will seek leave of this Court to amend the Complaint and serve such fictitiously named Defendants once their names and capacities become known.

11. Plaintiff is informed and believes, and thereon alleges, that the acts and omissions alleged herein were performed by, or are attributable to defendant CALERES, INC. and/or DOES 1 through 25, each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and within the course and scope of such agency, employment, joint

venture, or concerted activity with legal authority to act on the others' behalf. The acts of Defendants represent and were in accordance with Defendants' official policies.

12. At all relevant times, Defendants were the employers of Plaintiff within the meaning of all applicable state laws and statutes. Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

13. Defendants had the authority to hire and terminate Plaintiff and the other Class Members, to set work rules and conditions governing Plaintiff and the other Class Members' employment, and to supervise their daily employment activities.

14. Defendants exercised sufficient authority over the terms and conditions of Plaintiff and the other Class Members' employment for them to be joint employers of Plaintiff and the other Class Members.

15. Defendants directly hired and paid wages to Plaintiff and the other Class Members.

16. Defendants continue to employ hourly paid and/or non-exempt employees within the State of California.

17. At all relevant times, Defendants, and each of them, ratified each act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

18. Plaintiff is informed and believes, and thereon alleges, that each Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## GENERAL ALLEGATIONS

19. Plaintiff JESUS RAMIREZ worked for Defendants from on or about September 3, 2024 through his termination on August 22, 2025, as a Forklift/Reach Driver D. Defendants jointly and severally employed JESUS RAMIREZ at their distribution center located at 15245 Van Vliet Avenue, Chino, California 91710. JESUS RAMIREZ performed various duties for Defendants including, among other things, pulling orders, operating a forklift, and loading and unloading materials. During his employment, Plaintiff was supervised by, among others, supervisors known as Rolando and Robert, who were responsible for distributing work orders to Plaintiff and other hourly employees on a daily basis. Plaintiff's duties included, among other things: attending mandatory pre-shift morning meetings at which supervisors addressed operational updates, safety issues, and daily directives; receiving order assignments from supervisors distributed on a first-come, first-served basis; traversing the warehouse floor to pick and fulfill orders; operating a forklift to load and unload materials; and performing "put-aways," which involved returning items unused by the production area back to warehouse storage. These duties required Plaintiff to be actively engaged throughout his scheduled shift without meaningful opportunity for uninterrupted breaks.

20. Plaintiff was regularly scheduled to work Sunday through Thursday from 6:00 a.m. to 3:30 p.m., consisting of eight (8) scheduled hours of work plus one (1) hour of mandatory overtime per shift. Further, upon information and belief, Plaintiff and other putative class members were regularly required to attend pre-shift meetings for which they were not on-the-clock or compensated.

21. Plaintiff's base hourly rate of pay was $21.00. In addition to his base rate, Plaintiff received a $0.50-per-hour non-discretionary shift differential and/or attendance premium, resulting in a straight-time hourly rate of $21.50. The shift differential and/or attendance premium was neither a gift nor a discretionary bonus; it was compensation paid pursuant to a prior understanding between Plaintiff and Caleres in exchange for the performance of work.

22. Caleres maintained a class-wide written and/or de facto policy and practice of automatically deducting thirty (30) minutes from each Class Member's timecard each shift for a purported meal period, regardless of whether the meal period was actually taken, interrupted, shortened, or provided in a compliant manner. Caleres applied this auto-deduction uniformly across the hourly workforce at the Chino distribution center.

23. On at least one occasion during Plaintiff's employment, Defendant failed to pay Plaintiff overtime wages and premium payments at his regular rate of pay. Throughout Plaintiff's employment, Caleres reported the $0.50-per-hour shift differential as a separate line item and did not include the differential when calculating

Plaintiff's overtime rate or any meal or rest period premium. As a result, all overtime wages, meal period premiums, and rest period premiums paid to Plaintiff were calculated using Plaintiff's $21.00 base rate rather than Plaintiff's true $21.50 regular rate of pay. For example, on January 22, 2025, Caleres reported paying Plaintiff for two (2) hours of premium payments, but only paid Plaintiff $42.00 for those two hours, which is two hours of Plaintiff's base rate of pay at $21.00 per hour, rather than his regular rate of $21.50 per hour.

24. On at least one occasion during his employment, Plaintiff reported a workplace injury and visited an occupational health clinic during the regularly scheduled workday at the direction of Defendant, who required Plaintiff to fill out paperwork regarding his injury and attend a medical appointment. Plaintiff remained Caleres's control during this time, but was forced to clock out prior to filling out the paperwork Defendant required. Despite remaining under Caleres's control and performing compensable activities, Caleres did not pay Plaintiff for that time.

25. Caleres issued Plaintiff work boots in connection with his duties as a forklift operator. The Caleres-issued boots caused Plaintiff discomfort and/or injury, and Plaintiff was required to purchase replacement work boots at his own expense in order to safely perform his job duties. Despite Plaintiff's expenditure of personal funds for a necessary item of work-related equipment required by the conditions of his employment, Caleres did not reimburse Plaintiff for the cost of the replacement boots. This expenditure occurred in or around early 2025. Plaintiff contends many employees

had the same experience and were forced to purchase their own boots for similar reasons without being reimbursed for the same.

26. On August 22, 2025, Caleres terminated Plaintiff's employment. At the time of Plaintiff's termination, Caleres had not paid Plaintiff all wages owed, including but not limited to unpaid overtime differentials attributable to Caleres's exclusion of the shift differential from the regular rate of pay, meal period premiums calculated at the correct regular rate, and rest period premiums calculated at the correct regular rate. Caleres failed to pay these unpaid sums at the time of termination or within the time required by California Labor Code sections 201–202.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid and/or non-exempt employees. As set forth in more detail below, this pattern and practice of wage abuse involved, *inter alia*, requiring Plaintiff and the other Class Members to work off-the-clock without compensation, failing to properly pay wages for all hours worked, failing to provide all meal and rest breaks to which they were entitled and failing to pay meal and rest break premiums at the correct regular rate of pay when due, upon termination of employment, failing to provide accurate wage statements, failing to reimburse necessary business-related expenses, and failing to adhere to other related protections afforded by the California Labor Code and the applicable IWC Wage Order.

28. Defendants knew or should have known that they had a duty to compensate Plaintiff and the other Class Members pursuant to California law. Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so to increase Defendants' profits.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and all others similarly situated, as members of a proposed class pursuant to Federal Rule of Civil Procedure 23(b)(3) and, in the alternative, Rule 23(b)(2). The class satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

30. The proposed **Class** is defined as follows: All current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment.

31. The proposed **Former Employee Sub-Class** is defined as follows: All former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment.

32. Plaintiff reserves the right to establish additional subclasses as appropriate.

33. There is a well-defined community of interest in this litigation and the Class is easily ascertainable. Caleres has admitted under oath in its Notice of Removal, through the Declaration of Amanda Sudibjo filed January 2, 2026, that there are approximately 1,380 putative Class Members who together worked approximately 74,313 workweeks and 40,491 overtime-eligible workweeks during the relevant class period, with approximately 349,155 meal-period-eligible shifts and 362,036 rest-period-eligible shifts; that approximately 740 Class Members have separated from employment since September 19, 2022; and that Caleres issued approximately 12,662 wage statements to approximately 734 Class Members during the section 226 period. Pursuant to Federal Rule of Evidence 201(b), Plaintiff requests that this Court take judicial notice of the sworn facts set forth in the Sudibjo Declaration (Dkt. No. 1-6) and the Helvey Declaration (Dkt. No. 1-5), both filed in support of Caleres's Notice of Removal, which establish that Caleres maintains complete punch-level timekeeping records and complete payroll records for the entire putative Class.

34. The Class is so numerous that the individual joinder of all its members is impracticable.

35. Common questions of fact and law exist as to all Class Members, which predominate over any questions affecting only individual members of the Class. The common legal and factual questions which do not vary from Class Member to Class Member, and which may be determined without reference to the individual circumstances of any Class Member include the following:

i. Whether Defendants had a policy and practice of failing to pay minimum wages to Plaintiff and the other Class Members for all hours worked;

ii. Whether Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and the other Class Members for all overtime hours worked;

iii. Whether Defendants had a policy and practice of failing to provide meal periods to Plaintiff and the other Class Members;

iv. Whether Defendants had a policy and practice of failing to provide rest periods to Plaintiff and the other Class Members;

v. Whether Defendants failed to pay their hourly-paid and/or non-exempt employees in the State of California for all hours worked, and for all missed, short, late, and/or interrupted meal periods and rest breaks;

vi. Whether Defendants failed to timely pay all wages due to Plaintiff and the other Class Members during their employment;

vii. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

viii. Whether Defendants failed to pay all wages due to Plaintiff and the other Class Members within the required time upon their discharge or resignation;

ix. Whether Defendants failed to comply with wage reporting as required by the California Labor Code, including, inter alia, section 226;

x. Whether Defendants failed to reimburse Plaintiff and the other Class Members for necessary business-related expenses and costs;

xi. Whether Defendants' conduct was willful or reckless;

xii. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

xiii. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

xiv. Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code.

xv. Whether Caleres maintained a uniform, class-wide policy or practice of automatically deducting thirty (30) minutes per shift from Class Members' timecards for meal periods regardless of whether a compliant meal period was provided;

xvi. Whether Caleres maintained a uniform, class-wide policy or practice of calculating overtime, meal period premiums, and rest period premiums at a rate that excluded non-discretionary shift differentials and other non-discretionary remuneration required to be included in the regular rate of pay; and

xvii. Whether Caleres's exclusion of non-discretionary compensation from the regular rate of pay caused class-wide underpayment of overtime and class-wide underpayment of meal and rest period premiums.

36. Plaintiff's claims are typical of the claims of the Class, and Plaintiff's interests are coincident with and not antagonistic to those of the other Class Members Plaintiff seeks to represent. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions and Plaintiff intends to prosecute this action vigorously.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, and/or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual and legal issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member.

38. Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the Class Members who are not named in the complaint anonymity that allows for the vindication of their rights.

**FIRST CAUSE OF ACTION**
**VIOLATION OF CAL. LABOR CODE §§ 1194, 1197, AND 1197.1**
**Failure to Pay Minimum Wage**
**(Against All Defendants)**

39. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

40. California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Plaintiff and the other Class Members were frequently suffered or permitted to work "off-the-clock" prior to clocking in or after clocking out for their shifts, such that they were not paid minimum wage for all hours worked.

41. Specifically, on at least one occasion during his employment, Plaintiff reported a workplace injury and visited an occupational health clinic during the regularly scheduled workday at the direction of Defendant, who required Plaintiff to fill out paperwork regarding his injury and attend a medical appointment. Plaintiff remained under Caleres's control during this time but was forced to clock out prior to filling out the paperwork Defendant required. Despite remaining under Caleres's control and performing compensable activities, Caleres did not pay Plaintiff for that time. Caleres failed to pay Plaintiff for all the time Plaintiff spent under Caleres's control in connection with the clinic visit, including wait time and time spent travelling between the work site and the clinic – approximately four (4) bours in total. As a result,

Plaintiff performed compensable work without receiving at least the minimum wage for that time.

42. In addition, Caleres maintained a class-wide policy and practice of automatically deducting thirty (30) minutes per shift from each Class Member's recorded time for meal periods, regardless of whether the meal period was taken. Furthermore, Defendant used a bell and alarm system to signal to Plaintiff and putative class members when meal and rest periods were to begin. However, upon information and belief, due to the layout of the facility and other restrictions, employees were unable accurately track the start and end times to their meal and rest breaks, causing them to experience late, interrupted, and short meal periods. Plaintiff and putative class members were also suffered or permitted to work through their meal periods after the bell signal. During workweeks in which Class Members experienced short or late meal periods and/or were suffered or permitted to perform work during their meal periods, Caleres failed to pay minimum wage for all hours worked in violation of California Labor Code sections 1194, 1197, and 1197.1.

43. Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiff and the other Class Members for all hours they worked in violation of California Labor Code sections 1194, 1197, and 1197.1.

44. Defendants knew or should have known that Plaintiff and the other Class Members were performing such work "off-the-clock" because, among other things,

Defendants' management witnessed, authorized, was made aware of, and/or required Plaintiff and Class Members to perform such work.

45. Defendants' failure to pay Plaintiff and the other Class Members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other Class Members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

46. Pursuant to California Labor Code section 1194.2, Plaintiff and the other Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION
## VIOLATION OF CAL. LABOR CODE §§ 510 AND 1198
### Unpaid Overtime
### (Against All Defendants)

47. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

48. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons for extended periods of time without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily and/or weekly basis.

49. Specifically, the applicable IWC Wage Order provides that Defendants were required to pay Plaintiff and the other Class Members at the rate of time-and-

one-half for all hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh consecutive day in a workweek.

50. The applicable IWC Wage Order further provides that Defendants were required to pay Plaintiff and the other Class Members overtime compensation at a rate of two (2) times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day and/or for all hours worked in excess of eight (8) hours on the seventh consecutive day in a workweek.

51. California Labor Code section 510 codifies the right to overtime compensation at one-and-one half times the regular hourly rate for hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh consecutive day in a workweek, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

52. Specifically, Plaintiff's base hourly rate was $21.00 per hour, and Plaintiff also received a non-discretionary $0.50-per-hour shift differential and/or attendance premium that was required to be included in the regular rate of pay for purposes of calculating overtime under *Alvarado v. Dart Container Corp. of California* (2018) 4 Cal.5th 542 and 29 C.F.R. § 778.208. The $0.50-per-hour differential was paid pursuant to a uniform policy maintained by Caleres. Caleres,

however, calculated Plaintiff's overtime using Plaintiff's $21.00 base rate rather than Plaintiff's true $21.50 regular rate of pay, thereby underpaying Plaintiff for every overtime hour worked.

53. Specifically, Plaintiff's January 20, 2025 pay statement reflects the practice described in the preceding paragraph. Caleres listed the shift differential as a separate line item and calculated Plaintiff's overtime using a lower base rate rather than the true $21.50 regular rate. In fact, the rate used for overtime appears to be lower even than Plaintiff's base rate of pay multiplied by 1.5. On information and belief, Caleres applied the same overtime-calculation methodology to all members of the putative Class who received non-discretionary shift differentials, non-discretionary bonuses, or other non-discretionary compensation required to be included in the regular rate of pay.

54. Plaintiff and the other Class Members regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week, and/or in excess of seven (7) consecutive days in a workweek. However, Defendants did not accurately record Plaintiff and the other Class Members' actual hours worked and intentionally and willfully failed to pay all overtime wages owed to Plaintiff and the other Class Members. Defendants' failure to pay correct overtime wages included, *inter alia*: (a) when the combined total of the off-the-clock work discussed *supra* and the on-the-clock work exceed the number of hours that trigger the payment of overtime wages under California Labor Code sections 510 and 1198 and/or

the applicable IWC Wage Order; (b) when Defendants intentionally, willfully, and/or negligently mischaracterized overtime as straight time; (c) when Defendants assigned more work than could reasonably be completed in a workday or workweek to Plaintiff and Class Members, but refused to authorize the overtime necessary for them to complete the assigned work; and (d) when Defendants failed to include all required wages and remuneration when calculating or setting the overtime rate, including Caleres's exclusion of the non-discretionary shift differential and other non-discretionary compensation from the regular rate of pay as alleged in the preceding paragraphs.

55. Defendants' failure to pay Plaintiff and the other Class Members as outlined above violates California Labor Code sections 510 and 1198 and the applicable IWC Wage Order and is therefore unlawful.

56. Pursuant to California Labor Code section 1194, Plaintiff and the other Class Members are entitled to recover their unpaid overtime compensation, and interest, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CAL. LABOR CODE §§ 226.7 AND 512(a)**
**Meal Break Violations**
**(Against All Defendants)**

57. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

58. California Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order govern Plaintiff and the other Class Members' employment by Defendants.

59. California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable IWC Order.

60. The applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

61. The applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

62. Plaintiff and the other Class Members who were scheduled to work for shifts no longer than six (6) hours, and who did not waive their legally mandated meal

periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

63. Plaintiff and the other Class Members who were scheduled to work for shifts in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

64. Defendants intentionally and willfully required Plaintiff and the other Class Members to work during meal periods and failed to compensate Plaintiff and the other Class Members for work performed during meal periods. This includes, among other things, requiring Plaintiff and Class Members to work through their lunch breaks, permitting and/or requiring Plaintiff and Class Members to take late lunch breaks, permitting and/or requiring Plaintiff and Class Members to take short lunch breaks, interrupting and/or allowing others to interrupt Plaintiff and Class Members during their lunch breaks, failing to relieve Plaintiff and Class Members of all duties during their lunch breaks, and restricting Plaintiff and Class Members from leaving the premises during their lunch breaks.

65. Independent of any missed, short, late, or interrupted meal periods, Caleres failed to pay meal and/or rest period premiums at the correct regular rate of pay as required by *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858. Specifically, Caleres excluded the $0.50-per-hour non-discretionary shift differential

and/or attendance premium, non-discretionary bonuses, and other non-discretionary remuneration from the rate used to calculate meal period premiums, instead using each Class Member's base hourly rate. For example, on January 22, 2025, Caleres reported paying Plaintiff for two (2) hours of premium payments, but only paid Plaintiff $42.00 for those two hours, which is two hours of Plaintiff's base rate of pay at $21.00 per hour, rather than his regular rate of $21.50 per hour. As a result, every meal period premium paid by Caleres was underpaid, and the underpayment recurred on a class-wide basis because Caleres applied the same premium-calculation methodology uniformly across the putative Class.

66. In addition, Caleres maintained a class-wide policy and practice of automatically deducting thirty (30) minutes per shift from each Class Member's recorded time for meal periods, regardless of whether the meal period was taken. Furthermore, Defendant used a bell and alarm system to signal to Plaintiff and putative class members when meal and rest periods were to begin. However, upon information and belief, due to the layout of the facility and other restrictions, employees were unable accurately track the start and end times to their meal and rest breaks, causing them to experience late and short meal periods. Plaintiff and putative class members were also suffered or permitted to work through their meal periods after the bell signal. During workweeks in which Class Members experienced short, interrupted, or late meal periods and/or were suffered or permitted to perform work during their meal periods, Caleres failed to pay premium wages for these denied meal periods.

67. During the relevant time period, Defendants failed to pay Plaintiff and the other Class Members all meal period premiums due pursuant to California Labor Code sections 226.7 and 512 and the applicable IWC Wage Order. Defendants failed to include all required wages and remuneration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for meal period premiums and/or merely using straight time pay to calculate regular rates of pay for meal period premiums.

68. Defendants' conduct therefore violates the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

69. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided as well as interest thereon.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CAL. LABOR CODE § 226.7**
**Rest Break Violations**
**(Against All Defendants)**

70. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

71. California Labor Code section 226.7 and the applicable IWC Wage Order govern Plaintiff and the other Class Members' employment by Defendants.

72. California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

73. The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hour period or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours."

74. Defendants routinely required Plaintiff and the other Class Members to work three and one-half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

75. Moreover, Defendants willfully required, suffered, and permitted Plaintiff and the other Class Members to work during what should have been their rest periods. Defendants also failed to relieve Plaintiff and the other Class Members of all duties for ten (10) minutes as required for compliant rest breaks. Defendant used a bell and alarm system to signal to Plaintiff and putative class members when rest periods were to begin. However, upon information and belief, due to the layout of the facility and other restrictions, employees were unable to take timely, uninterrupted 10-minute rest periods for every 4 hours worked or major fraction thereof and in the middle of

each work period. Plaintiff and putative class members were suffered or permitted to work through their rest periods after the bell signal.

76. As a result, Plaintiff worked through rest periods, took late rest periods, took interrupted rest periods, and/or took short rest periods, if at all.

77. Independent of any missed, short, late, or interrupted rest periods, Caleres failed to pay rest period premiums at the correct regular rate of pay as required by *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858. Specifically, Caleres excluded the $0.50-per-hour non-discretionary shift differential, non-discretionary bonuses, and other non-discretionary remuneration from the rate used to calculate rest period premiums, instead using each Class Member's base hourly rate. As a result, every rest period premium paid by Caleres was underpaid, and the underpayment recurred on a class-wide basis because Caleres applied the same premium-calculation methodology uniformly across the putative Class.

78. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other Class Members were entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each workday that compliant rest period(s) were not provided.

79. Defendants had no policy or practice to pay a premium when rest periods were missed, short, late, and/or interrupted, or otherwise failed to comply with California law, and thus Defendants failed to pay Plaintiff and the other Class Members the full rest period premium due to them in violation of California Labor

Code section 226.7 and the applicable IWC Wage Order. Defendants failed to include all required wages and remuneration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for rest period premiums and/or merely using straight time pay to calculate regular rates of pay for rest period premiums.

80. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday compliant rest period(s) were not provided as well as interest thereon.

## FIFTH CAUSE OF ACTION
## VIOLATION OF CAL. LABOR CODE § 226(a)
### Wage Statement Violations
### (Against All Defendants)

81. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

82. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of its employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

83. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and willfully failed to provide Plaintiff and the

other Class Members with complete and accurate wage statements. The deficiencies include, among other things, the failure to state all hours worked, the failure to state the actual gross wages earned, the failure to include meal and rest break premiums, and the failure to include correct rates of pay. Accordingly, Defendants violated California Labor Code 226(a).

84. Specifically, Plaintiff's wage statement for the pay period ending on or about January 22, 2025 is a representative example of Caleres's class-wide violations. That wage statement listed the $0.50-per-hour non-discretionary shift differential as a separate line item and calculated Plaintiff's premium wages using the $21.00 base rate rather than the true $21.50 regular rate of pay, thereby failing to accurately state Plaintiff's hourly rates, gross wages earned, and net wages earned. On information and belief, Caleres issued the same form of wage statement to every putative Class Member who received non-discretionary shift differentials or other non-discretionary compensation during the relevant period.

85. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other Class Members have suffered injury and damage to their statutorily protected rights.

86. Specifically, Plaintiff and the other Class Members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving accurate, itemized wage statements under California Labor Code section

226(a). In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiff and the other Class Members have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment. Plaintiff had to file this lawsuit, and will further have to conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiff and the other Class Members were paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

87. Plaintiff and the other Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000).

**SIXTH CAUSE OF ACTION**
**VIOLATION OF CAL. LABOR CODE §§ 201, 202, AND 203**
**Untimely Final Wages**
**(Against All Defendants)**

88. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

89. Pursuant to California Labor Code sections 201, 202, and 203, Defendants are required to timely pay all earned and unpaid wages to an employee who is discharged. California Labor Code section 201 mandates that if an employer

discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately. California Labor Code section 202 mandates that if an employee quits, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

90. California Labor Code section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty (30) days.

91. Specifically, Caleres terminated Plaintiff's employment on August 22, 2025. At the time of termination, Caleres had not paid Plaintiff all wages owed, including the unpaid overtime attributable to Caleres's exclusion of the shift differential from the regular rate of pay, and underpaid meal and rest period premiums. Caleres did not pay these sums at the time of termination, and has not paid them since.

92. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), at the time that Plaintiff and the other Class Members' employment with Defendants ended, Defendants knowingly and willfully failed to pay them all wages

owed to them pursuant to California Labor Code sections 201 and 202, including, without limitation, overtime wages, minimum wages, meal period premium wages, and rest period premium wages, and all wages due to Plaintiff and Class Members as they became due.

93. As a result, Plaintiff and the other Class Members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code section 203, together with interest thereon, as well as other available remedies.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF CAL. LABOR CODE §§ 2800 AND 2802**
**Failure to Reimburse Necessary Business Expenses**
**(Against All Defendants)**

94. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

95. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of the employee's job duties or in direct consequence of the employee's job duties or in direct consequence of the employee's obedience to the directions of the employer.

96. Plaintiff and the other Class Members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

97. Specifically, Caleres issued Plaintiff work boots in connection with his duties as a forklift operator. The Caleres-issued boots caused Plaintiff discomfort

and/or injury, and Plaintiff was required to purchase replacement work boots at his own expense in order to safely perform his job duties. Despite Plaintiff's expenditure of personal funds for a necessary item of work-related equipment required by the conditions of his employment, Caleres did not reimburse Plaintiff for the cost of the replacement boots. This expenditure occurred in or around early 2025, near the commencement of Plaintiff's use of the forklift equipment that necessitated the appropriate footwear. Plaintiff contends many employees had the same experience and were forced to purchase their own boots for similar reasons without being reimbursed for the same.

98. Defendants intentionally and willfully failed to reimburse Plaintiff and the other Class Members for all necessary business-related expenses and costs. Plaintiff and the other Class Members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of employment, plus interest accrued from the date on which Plaintiff and the other Class Members incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.
**Unfair and Unlawful Business Practices**
**(Against All Defendants)**

99. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

100. Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged in this Complaint, including but not limited to Defendants' failure and refusal to pay overtime compensation, Defendants' failure and refusal to pay minimum wages, Defendants' failure and refusal to provide required meal periods and/or pay meal period premiums, Defendants' failure and refusal to provide required rest periods and/or pay the required rest break premiums, Defendants' failure and refusal to furnish accurate itemized wage statements, Defendants' failure and refusal to reimburse business-related expenses and costs, and Defendants' failure and refusal to timely pay wages upon termination constitutes unfair and unlawful business practices under California Business and Professions Code sections 17200, *et seq*.

101. Defendants' violations of California wage and hour laws constitute unfair and unlawful business practices because, among other things, they were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and the other Class Members.

102. Defendants have avoided payment of overtime wages, minimum wages, meal period premiums, rest period premiums, timely wages at the correct rate of pay, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

103. As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during Plaintiff and the other Class Members' tenure at the expense of Plaintiff, the other Class Members, and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff and the other Class Members.

104. Defendants' unfair and unlawful business practices entitle Plaintiff and the other Class Members to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff and the other Class Members the wages and other compensation unlawfully withheld from them. Plaintiff and the other Class Members are entitled to restitution of all monies to be disgorged from Defendants in an amount according to proof at the time of trial.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### **Class Certification**

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel the names and most current/last known contact information (addresses, e-mails, and telephone numbers) of all Class Members.

**As to the First Cause of Action**

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other Class Members;

6. For general unpaid wages and such general and special damages as may be appropriate;

7. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other Class Members in the amount as may be established according to proof at trial;

8. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

9. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

10. For liquidated damages pursuant to California Labor Code section 1194.2; and

11. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

12. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and the applicable IWC Wage Order by willfully failing to pay all overtime wages due to Plaintiff and the other Class Members;

13. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

14. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

16. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and the applicable IWC Wage Order by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other Class Members;

18. For premium wages pursuant to California Labor Code section 226.7(c);

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For pre-judgment interest on any unpaid wages from the date such amounts were due;

21. For reasonable attorneys' fees and costs of suit incurred herein; and

22. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and the applicable IWC Wage Order by willfully failing to provide all rest periods to Plaintiff and the other Class Members;

24. For premium wages pursuant to California Labor Code section 226.7(c);

25. For all actual, consequential, and incidental losses and damages, according to proof;

26. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

27. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

28. That the Court declare, adjudge, and decree that Defendants violated the provisions of California Labor Code section 226(a) as to Plaintiff and the other Class Members, and willfully failed to provide accurate itemized wage statements to them;

29. For actual, consequential, and incidental losses and damages, according to proof;

30. For statutory penalties pursuant to California Labor Code section 226(e);

31. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

32. For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

33. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other Class Members no longer employed by Defendants;

34. For all actual, consequential, and incidental losses and damages, according to proof;

35. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other Class Members who have left Defendants' employ;

36. For pre-judgment interest on any unpaid compensation from the date due; and

37. For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

38. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other Class Members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

39. For actual, consequential, and incidental losses and damages, according to proof;

40. For the imposition of civil penalties and/or statutory penalties;

41. For reasonable attorneys' fees and costs of suit incurred herein; and

42. For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

43. That the Court declare, adjudge, and decree that Defendants violated the following California Labor Code sections as to Plaintiff and the other Class Members: 1194, 1197, and 1197.1 (by failing to pay minimum wages); 510 and 1198 (by failing to pay overtime wages); 226.7 and 512(a) (by failing to provide meal and rest periods or compensation in lieu thereof); 226(a) (by failing to provide accurate wage statements); 201, 202, and 203 (by failing to pay all wages owed upon termination); and 2800 and 2802 (by failing to reimburse business-related expenses);

44. For restitution of unpaid wages to Plaintiff and all the other Class Members and all pre-judgment interest from the day such amounts were due and payable;

45. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

46. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

47. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.

Dated: May 8, 2026

**BLACKSTONE LAW, APC**

/s/Ryan A. Quadrel

By: ______________________________

Ryan A. Quadrel, Esq.
Shelby L. Miner, Esq.

*Attorneys for* Plaintiff JESUS RAMIREZ, individually, and on behalf of other similarly situated employees

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: May 8, 2026

**BLACKSTONE LAW, APC**

/s/Ryan A. Quadrel

By: ______________________________

Ryan A. Quadrel, Esq.
Shelby L. Miner, Esq.

*Attorneys for* Plaintiff JESUS RAMIREZ, individually, and on behalf of other similarly situated employees

# **PROOF OF SERVICE**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

I am employed in the county of Los Angeles, State of California. I am over eighteen years of age and not a party to the within action; my business address is 8383 Wilshire Blvd, Suite 745, Beverly Hills, California 90211. On May 29, 2026, I served a copy of the following document(s):

**FIRST AMENDED CLASS ACTION COMPLAINT**

on the interested parties as follows:

| | |
|---|---|
| Haik Kolsuzyan<br>haik.kolsuzyan@ogletree.com<br>Christopher W. Decker<br>Christopher.Decker@ogletreedeakins.com<br>Leticia Rivera<br>Leticia.Rivera@ogletreedeakins.com<br>Joanna Madera<br>joanna.madera@ogletreedeakins.com<br>**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**<br>400 South Hope Street Ste 1200<br>Los Angeles, CA 90071<br>*Tel:* 213-330-0800 | Attorneys for Defendant CALERES, INC. |

☒ **BY ELECTRONIC MAIL (E-MAIL):** I hereby certify that this document was served by e-mail delivery on the parties listed herein at their most recent known e-mail addresses or addresses of record in this action. I caused said document(s) to be delivered electronically via email pursuant to California Code of Civil Procedure section 1010.6(e)(1).

☒ **STATE** – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 29, 2026 at Los Angles, California.

Karen Arellano